UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISABILITY RIGHTS NEW YORK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) COMPLAINT FOR DECLARATORY ) AND INJUNCTIVE RELIEF ) |
| NORTHERN RIVERS FAMILY SERVICES, JOHN HENLEY, in his official capacity as the Chief Executive Officer of NORTHERN RIVERS FAMILY SERVICES, and NORTHEAST PARENT AND CHILD SOCIETY, | ) Case No. 1:16-CV-0176 (GTS/CFH) ) ) ) ) ) ) |
| Defendants. | ) ) |

## I.  INTRODUCTION

1. Plaintiff Disability Rights New York ("DRNY"), the federally designated Protection and Advocacy system in the State of New York, brings this action to enforce its rights under federal law to access records and facilities pursuant to the Developmental Disabilities Assistance and Bill of Rights Act of 2000 ("DD Act"), 42 U.S.C. § 15041 et seq.; the Protection and Advocacy for Individuals with Mental Illness Act of 1986 ("PAIMI Act"), 42 U.S.C. § 10801 et seq.; and the Protection and Advocacy of Individual Rights Act ("PAIR Act"), 29 U.S.C. § 794e.

2. DRNY received complaints alleging abuse and neglect of two individuals with disabilities who resided at the Children's Home Residential Treatment Center ("RTC"), a residential treatment center operated by Defendants and located at 122 Park Avenue, Schenectady, New York 12304.

3. The two individuals allegedly subjected to abuse and neglect at Defendants' Children's Home became clients of DRNY.

1

4. DRNY obtained authorizations from both individuals' legal guardians to access their records at Defendants' Children's Home.

5. Defendants refuse to provide DRNY with records related to incidents of abuse and neglect involving the two DRNY clients.

6. Defendants refuse to provide DRNY access to the Children's Home facility to investigate reported incidents of abuse and neglect.

7. Defendants refuse to provide DRNY access to the Children's Home facility to conduct monitoring activities.

8. Defendants' failure to comply with DRNY's requests for records and access to the Children's Home prevents DRNY from performing its statutory mandate to investigate allegations of abuse and neglect of individuals with disabilities and monitor Defendants' compliance with the rights and safety of residents.

9. DRNY brings this action for declaratory and injunctive relief to obtain access to client records and Defendants' facility.

## II.  JURISDICTION AND VENUE

10. The court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.

11. Plaintiff's federal claims are made pursuant to the DD Act, 42 U.S.C. § 15041 et seq., the PAIMI Act, 42 U.S.C. § 10801 et seq., and the PAIR Act, 29 U.S.C. § 794e.

12. Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201, 2202.

13. Venue is properly brought pursuant to 28 U.S.C. §§ 1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## III.  PARTIES

### a. Plaintiff

14. DISABILITY ADVOCATES, INC., is an independent non-profit corporation organized under the laws of the State of New York. It does business and has sued under the name DISABILITY RIGHTS NEW YORK.

15. At all times relevant to this action, DRNY has been and is the statewide Protection and Advocacy ("P&A") agency designated by the Governor of the State of New York to protect and advocate for persons with disabilities.

16. DRNY is a part of a nationwide network of disability rights agencies authorized to (1) investigate incidents of abuse and neglect of persons with disabilities; (2) pursue administrative, legal, and other appropriate remedies upon their behalf; and (3) provide information and referrals relating to programs and services addressing the needs of persons with disabilities.

17. DRNY has authority under federal law to gain access to facilities, individuals, and their records in order to detect, investigate, and prevent abuse and neglect of individuals with disabilities.

18. DRNY is allotted federal funds pursuant to PAIMI Act, the DD Act, and PAIR Act and is thereby obligated to similarly provide protection and advocacy for persons with mental illness, developmental disabilities, and individuals with disabilities who are not eligible under the PAIMI Act or the DD Act.

### b. Defendants

19. Defendant Northern Rivers Family Services Inc. is a domestic non-profit corporation organized under the laws of the State of New York.

20. Northern Rivers Family Services is a parent organization managing two affiliate entities, Northeast Parent & Child Society and Parsons Child & Family Center.

21. Defendant John Henley is the Chief Executive Officer of Northern Rivers Family Services.

22. At all times relevant to this action, Mr. Henley has exercised general responsibility, supervision, and implementation of the policies and practices of Northern Rivers Family Services and its affiliates Northeast Parent & Child Society and Parsons Child & Family Center.

23. Defendant Northeast Parent & Child Society is a domestic non-profit corporation organized under the law of the State of New York.

24. Defendant Northeast Parent & Child Society is an agency authorized to residentially place out children for the purpose of providing care.

25. Defendant Northeast Parent & Child Society operates a residential treatment center called the Children's Home located at 122 Park Avenue, Schenectady, New York 12304.

## IV.   FACTS

### a. Relevant Statutes and Regulation Governing P&A Investigatory Authority

26. The DD Act, PAIMI Act, and PAIR Act authorize the designated P&A system to access facilities to investigate allegations of abuse and neglect of persons with disabilities.

27. DRNY, as the designated P&A system for the State of New York, has authority to investigate incidents of abuse and neglect if the incidents are reported to the system. 42 U.S.C. § 15043(a)(2)(B); 42 U.S.C. § 10805(a)(1)(A); 29 U.S.C. § 794e(f)(2.)

28. The regulations implementing the DD Act, PAIMI Act, and PAIR Act grant DRNY unaccompanied access to facilities and service providers who render care and treatment to persons

4

with developmental disabilities, mental illness, and individuals with disabilities other than developmental disabilities and mental illness. 45 C.F.R. § 1386.27(b)(2); 42 C.F.R. § 51.42(b).

### b. Relevant Statutes and Regulations Governing P&A Records Access

29. The DD Act, PAIMI Act, and PAIR Act authorize the designated P&A system to have access to records of persons with disabilities under specific circumstances.

30. DRNY, as the designated P&A system for the State of New York, has authority to access records of individuals with developmental disabilities, mental illness, and individuals with disabilities other than developmental disabilities or mental illness who have authorized DRNY to access to their records. 42 U.S.C. § 15043(a)(2)(I)(i); 42 U.S.C. § 10805(a)(4)(A); 29 U.S.C. § 794e(f)(2).

31. DRNY's records access authority includes reports prepared or received by staff at any location delivering supports and services to individual with developmental disabilities, mental illness, and disabilities other than developmental disabilities or mental illness. 42 U.S.C. § 15043(c)(1); 42 U.S.C. § 10806(b)(3); 29 U.S.C. § 794e(f)(2).

**32.** Records access authority under the PAIR Act is expressly incorporated by reference to the general authorities contained in the DD Act. 29 U.S.C. § 794e(f)(2).

### c. Relevant Statutes and Regulations Governing P&A Monitoring Authority

33. DRNY has broad authority to conduct on-site monitoring of health and safety conditions in residential facilities serving persons with disabilities. 45 C.F.R. § 1386.27(c); 42 C.F.R. § 51.42(c).

34. Monitoring authority under the DD Act grants DRNY access at reasonable times to any individual with a developmental disability in a location in which services are provided to such an individual. 42 U.S.C. § 15043(a)(2)(H).

35. DRNY's monitoring access pursuant to the DD Act and PAIR Act is for the purposes of providing information and referral to programs for individuals with developmental disabilities, monitoring compliance with the rights and safety of individuals with developmental disabilities, and inspecting all areas of a service provider's premises. 45 C.F.R. § 1386.27(c)(2)(i)–(iii).

36. Monitoring authority under the DD Act includes immediate access to service providers upon an oral or written request. 45 C.F.R. § 1386.27(c)(1).

37. Monitoring authority under the PAIMI Act grants DRNY unaccompanied access to facilities providing services to individuals with mental illness. 42 C.F.R. § 51.42(c).

38. DRNY's monitoring access pursuant to the PAIMI Act is for the purposes of providing information and referral to programs for individuals with mental illness, monitoring compliance with the rights and safety of residents, and inspecting all areas of a facility used by residents. 42 C.F.R. § 51.42(c)(1)–(3).

### d. Children's Home Residential Treatment Center

39. A residential treatment center is a type of group care facility providing specific treatment programming separate from traditional settings such as medical hospitals, psychiatric hospitals, and institutions.

40. The Children's Home RTC at Northeast Parent & Child Society provides care and treatment to youth with psychiatric, psychological, and behavioral issues.

41. The Children's Home RTC is a "service provider" under the DD Act and PAIR Act because it is a location in which services, supports, and other assistance are provided to persons with disabilities. 42 U.S.C. § 15043(a)(2)(H); 29 U.S.C. § 794e(f)(2).

42. The Children Home RTC is a "facility" under the PAIMI Act because it is a private residential setting that provides overnight care accompanied by treatment services. 42 C.F.R. § 51.2.

### e. Complaints of Abuse of R.W.

43. On October 2, 2014, DRNY received two complaints of alleged abuse of R.W., a thirteen year-old individual residing in the Children's Home RTC operated by Defendants.

44. R.W. is an individual with a disability and subject to DRNY's jurisdiction under the DD Act, PAIMI Act, and PAIR Act.

45. It was alleged that on June 15, 2014, staff members at Defendants' RTC physically abused R.W. by punching him in the eye during a restraint.

46. It was alleged that on June 19, 2014, staff members at Defendants' RTC physically abused R.W. by placing a PlayStation cord around R.W.'s neck and choking him.

47. The allegations of physical abuse against R.W. constitute "abuse" pursuant to 45 C.F.R. § 1386.19 and 42 C.F.R. § 51.2.

48. R.W.'s legal guardian signed an authorization on October 20, 2014, permitting the release of R.W.'s records to DRNY.

### f. Complaints of Abuse and Neglect of T.H.

49. On January 7, 2015, DRNY received one complaint alleging abuse and one complaint alleging neglect of T.H., a fifteen year-old individual residing in the Children's Home Residential Treatment Center operated by Defendants.

50. T.H. is an individual with a disability as defined by the DD Act, PAIMI Act, and PAIR Act. 42 U.S.C. § 15002(8); 42 U.S.C. 10802(4); 34 C.F.R. § 381.5(b).

51. It was alleged to DRNY that T.H. was left unattended at a bus stop after Defendants' staff failed to meet him when T.H. returned from a home visit.

52. The allegations of leaving T.H. unattended at a bus stop constitutes "neglect" pursuant to 45 C.F.R. § 1386.19 and 42 C.F.R. § 51.2.

53. It was further alleged that staff members at the Children's Home physically abused T.H. by placing their hands on T.H.'s neck and choking him during a restraint.

54. The allegations of physical abuse against T.H. constitute "abuse" pursuant to 45 C.F.R. § 1386.19 and 42 C.F.R. § 51.2.

55. The legal guardian of T.H. signed an authorization on January 24, 2015, permitting the release of T.H.'s records to DRNY.

### g. Defendants' Failure to Provide Access to Records and Facility

56. DRNY sent Defendants a letter, dated May 1, 2015, requesting treatment and investigation records of T.H. and R.W. and requesting physical access to the Children's Home to investigate the incidents of abuse and neglect and monitor the health and safety of residents.

57. DRNY's letter specifically cited to federal statutes and regulations sanctioning DRNY's authority to access records and the facility.

58. DRNY's letter attached two authorizations, one signed by T.H.'s legal guardian and the other signed by R.W.'s legal guardian, permitting DRNY to access our clients' records.

59. On or about May 6, 2015, Defendants requested by telephone proof of DRNY's designation as the P&A system in the State of New York and assurances that release of T.H. and R.W.'s records was in compliance with the Health Insurance Portability and Accountability Act ("HIPAA").

60. DRNY sent a letter to Defendants, dated May 18, 2015, containing DRNY's designation as the P&A system in the State of New York and legal guidance from the U.S. Department of Health and Human Services allowing a covered entity to disclose protected health information to a state designated P&A system.

61. On May 28, 2015, Defendants asserted, by telephone, that neither T.H. nor R.W. were individuals with disabilities subject to DRNY's access jurisdiction.

62. DRNY received a letter dated May 29, 2015 from Counsel for Defendants which states T.H. and R.W. are not people with developmental disabilities and were not involved in programs for people with developmental disabilities.

63. Defendants' May 29, 2015, letter states that Defendants will not grant DRNY access to records or the Children's Home RTC.

64. DRNY sent a letter, dated August 17, 2015, to Defendants restating its request to access the records of T.H. and R.W. and access the Children's Home RTC.

65. DRNY's letter cites to: (1) legal authority granting P&A access to records and facilities if there is some likelihood that the individuals involved in the investigation may have a disability; (2) evidence that the Children's Home RTC provides supports and services to youth with disabilities; (3) evidence that T.H. and R.W. are persons with disabilities subject to the PAIMI, DD, and/or PAIR Acts; and (4) legal authority granting P&A access to records when their client, or a legal representative, has authorized such access.

66. DRNY did not receive a response from Defendants.

67. On or about October 8, 2015, DRNY notified Defendants of DRNY's intention to file suit to enforce its access authority and offering an opportunity to resolve this matter before DRNY resorted to litigation. Defendants did not respond.

### h.  Complaints of Abuse and Neglect from the NYS Justice Center

68. On September 29, 2015, DRNY received a copy of a Case Summary Report from the New York State Justice Center for the Protection of People with Special Needs.

69. The report constitutes a complaint to Plaintiff because it describes allegations of abuse involving R.W., a client of Plaintiff.

70. On November 2, 2015, DRNY received a copy of an investigation report prepared by the Office for Children and Family Services.

71. The report is a complaint to Plaintiff because it describes allegations of abuse and neglect involving T.H., a client of Plaintiff.

### i.  Complaints of Abuse from Media Reports

72. On October 1, 2015, The Times Union newspaper published an article describing allegations of abuse involving R.W.

73. The media report is a complaint to the Plaintiff because it describes allegation of abuse involving R.W., a client of Plaintiff.  45 C.F.R. § 1386.19; 42 C.F.R. § 51.2.

### V.  PLAINTIFF'S CLAIMS

**Plaintiff's First Claim: Violation of the Developmental Disabilities Act and its Implementing Regulations**

74. Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

75. DRNY is authorized to access the records of T.H. and R.W. pursuant to the DD Act and its implementing regulations set forth in 42 U.S.C. § 15043(a)(2)(I)(i) and 45 C.F.R. § 1386.25(a)(1).

76. The records requested are records prepared by staff at a location at which services, supports, or other assistance is provided to individuals with developmental disabilities and are therefore subject to DRNY's access authority. 42 U.S.C. § 15043(c).

77. Defendants' refusal to provide the records of T.H. and R.W. violates the DD Act and its implementing regulations. 42 U.S.C. § 15043(a)(2)(I)(i); 45 C.F.R. § 1386.25(a)(1).

78. Defendants' refusal to provide facility access to the Children's Home RTC for investigation and monitoring purposes violates the DD Act and its implementing regulations. 42 U.S.C. § 15043(a)(2)(B); 45 C.F.R. §§ 1386.27(b)–(c).

79. Defendants' violation of the DD Act and its implementing regulations interferes with DRNY's federal law mandate to protect people with disabilities in New York State, investigate allegations of abuse and neglect, provide legal advocacy to people with disabilities, and monitor compliance of the rights and safety of facility residents.

80. Defendants have deprived and continue depriving DRNY of its federal law rights to access records and monitor facilities.

81. Plaintiff has no adequate remedy at law and will suffer irreparable harm to its federal rights absent this Court granting injunctive relief.

**Plaintiff's Second Claim: Violation of the Protection and Advocacy for Individuals with Mental Illness Act and its Implementing Regulations**

82. Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

83. DRNY is authorized to access the records of T.H. and R.W. pursuant to the PAIMI Act and its implementing regulations set forth in 42 U.S.C. § 10805(a)(4)(A) and 42 C.F.R. § 51.41(b)(1).

84. The records requested are records prepared by staff of a facility rendering care and treatment to persons with mental illness and are therefore subject to DRNY's records access authority pursuant to 42 U.S.C. § 10806(b)(3)(A).

85. Defendants' refusal to provide the records of T.H. and R.W. violates the PAIMI Act and its implementing regulations. 42 U.S.C. § 10805(a)(4)(A) and 42 C.F.R. § 51.41(b)(1).

86. Defendants' refusal to provide facility access to the Children's Home RTC for investigation and monitoring purposes violates the PAIMI Act and its implementing regulations of the PAIMI Act. 42 U.S.C. § 10805(a)(1)(A); 42 C.F.R. §§ 51.42(b)–(c).

87. Defendants' violation of the PAIMI Act and its implementing regulations interferes with DRNY's federal law mandate to protect people with disabilities in New York State, investigate allegations of abuse and neglect, provide legal advocacy to people with disabilities, and monitor compliance of the rights and safety of facility residents.

88. Defendants have deprived and continue depriving DRNY of its federal law rights to access records and monitor facilities.

**89.** Plaintiff has no adequate remedy at law and will suffer irreparable harm to its federal rights absent this Court granting injunctive relief.

**Plaintiff's Third Claim: Violation of the Protection and Advocacy of Individual Rights Act**

90. Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

91. DRNY is authorized to access the records of T.H. and R.W. pursuant to 29 U.S.C. § 794e(f)(2).

92. The requested records are records prepared by staff at a location at which services, supports, or other assistance is provided to individuals with disabilities and are therefore subject to DRNY's access authority. 29 U.S.C. § 794e(f)(2); 42 U.S.C. § 10543(c).

93. Defendants' refusal to provide the records of T.H. and R.W. violates the PAIR Act. 29 U.S.C. § 794e(f)(2).

94. Defendants' refusal to provide facility access to the Children's Home RTC for investigation and monitoring purposes violates the PAIR Act. 29 U.S.C. § 794e(f)(2).

95. Defendants' violation of the PAIR Act interferes with DRNY's federal law mandate to protect people with disabilities in New York State, investigate allegations of abuse and neglect, provide legal advocacy to people with disabilities, and monitor compliance of the rights and safety of facility residents.

96. Defendants have deprived and continue depriving DRNY of its federal law rights to access records and monitor facilities.

**97.** Plaintiff has no adequate remedy at law and will suffer irreparable harm to its federal rights absent this Court granting injunctive relief.

## VI. REQUESTS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

1. A declaratory judgment that Defendants have violated Plaintiff's rights under the DD Act, PAIMI Act, and PAIR Act by:

    a. Denying DRNY access to client records for whom release of records is authorized by federal law;

    b. Denying DRNY access to the Children's Home RTC;

      c. Interfering with DRNY's duty to investigate allegations of abuse and neglect of persons with disabilities; and

      d. Interfering with DRNY's duty to monitor the rights and safety of facility residents.

2. A preliminary and thereafter permanent injunction ordering Defendants to provide Plaintiff with copies of all records requested pursuant to its federally mandated P&A authority;

3. A preliminary and thereafter permanent injunction ordering Defendants to provide Plaintiff with access to its facilities pursuant to its federally mandated P&A authority;

4. Retain jurisdiction over this action to ensure Defendants' compliance with the mandates of the DD Act, the PAIMI Act, and the PAIR Act; and

5. Any other relief that the Court deems appropriate.

Dated: February 17, 2016
      Albany, New York

Respectfully submitted,


 **/s/ Michael W. Gadomski**
DISABILITY RIGHTS NEW YORK
Attorneys for Plaintiff
725 Broadway, Suite 450
Albany, New York 12207
(518) 432-7861(518) 427-6561 (fax) (not for service)

    MICHAEL W. GADOMSKI
    Bar Roll No. 519210

    JULIE M. KEEGAN
    Bar Roll No. 518293

    JENNIFER MONTHIE
    Bar Roll No. 512427

CLIFF ZUCKER
Bar Roll No. 102871