UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISABILITY RIGHTS NEW YORK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NORTHERN RIVERS FAMILY | ) |
| SERVICES, JOHN HENLEY, in his | ) Case No. 1:16-cv-176 (GTS/CFH) |
| official capacity as the Chief Executive | ) |
| Officer of NORTHERN RIVERS | ) |
| FAMILY SERVICES, and NORTHEAST | ) |
| PARENT AND CHILD SOCIETY, | ) |
| | ) |
| Defendants. | ) |

**STIPULATION OF SETTLEMENT AND CONSENT DECREE**

**WHEREAS**, Plaintiff Disability Rights New York, filed a complaint in this action on February 17, 2016, alleging that Defendants, Northern Rivers Family Services, John Henley (in his official capacity as Chief Executive Officer), and Northeast Parent and Child Society, violated the Developmental Disabilities Assistance and Bill of Rights Act of 2000 ("DD Act"), 42 U.S.C. § 15041 et seq.; the Protection and Advocacy for Individuals with Mental Illness Act of 1986 ("PAIMI Act"), 42 U.S.C. § 10801 et seq.; and the Protection and Advocacy of Individual Rights Act ("PAIR Act"), 29 U.S.C. § 794e, with regard to Plaintiff's requests to records and facility access at the Children's Home Residential Treatment Center ("Children's Home"), and

**WHEREAS,** the parties wish to settle this litigation without further litigation, and without the Defendants admitting any wrongdoing or violation of law, and

2

**WHEREAS**, except as expressly provided in this Consent Decree, nothing in this Consent Decree is an admission of any fact or law by any Party except for the purpose of enforcing the terms or conditions set forth herein;

**The Parties Stipulate and It is Ordered**:

1. Plaintiff will conduct all activities so as to minimize interference with the Children's Home's programs or treatment, respect its residents' privacy interests, and honor a resident's request to terminate any interview of him or her.

2. Defendants will permit Plaintiff to exercise its rights and safety monitoring function in accordance with the Developmental Disabilities Bill of Rights Act (DD Act) and/or the Protection and Advocacy for Individuals with Mental Illness Act (PAIMI Act) (and their implementing regulations).

3. Defendants' will provide Plaintiff with:

    a. Reasonable unaccompanied access to all areas of the Children's Home that are used by, or accessible to, its residents;

    b. Reasonable unaccompanied access to the Children's Home's programs;

    c. Reasonable unaccompanied access to the Children's Home's residents;

    d. The opportunity to attend treatment planning meetings concerning individuals with disabilities with the consent of the individual or his or her guardian, conservator or other legal representative; and

    e. The ability to post, in an areas where individuals with disabilities receive services, a poster that states the protection and advocacy services available

from Plaintiff (including the name, address and telephone number of Plaintiff).

4. All of the aforementioned activities listed under Paragraph Three will be conducted in a manner so as to not interfere with Children's Home's programs.

5. If the Defendants believe either the frequency or the manner of Plaintiff's safety monitoring is unreasonable, Defendants will notify Plaintiff in writing prior to the proposed monitoring. Within five business days of such notice (or a longer time if the parties mutually agree at the time), the parties shall meet and confer to resolve the dispute.

6. If the parties are unable to resolve any dispute regarding the reasonableness of a monitoring visit after meeting and conferring as required by Paragraph Five, either party may petition the Court for appropriate relief.

7. Defendants will permit Plaintiff to exercise its abuse or neglect incident investigation function in accordance with the DD Act and/or the PAIMI Act (and their implementing regulations).

8. Defendants will provide Plaintiff with:

   a. Access to the records of R.W. and T.H. that were prepared or received by staff at the Children's Home;

   b. Access to the records of persons with disabilities residing at the Children's Home if Plaintiff has received a complaint of abuse or neglect of that person, or for whom Plaintiff has probable cause to believe that have been abused or neglected.

c. The reasonable opportunity to interview any resident or employee of the Children's Home who might be reasonably believed by Plaintiff to have knowledge of the subject of the investigation.

9. This Stipulation and Order is binding upon the parties to this action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of this agreement.

10. This Court retains jurisdiction over this matter solely for the purpose of enforcement of this Stipulation and Order.

11. This action is dismissed without prejudice, damages, costs, interest or attorneys' fees.

Dated: Albany, New York
July 13, 2016

Cliff Zucker, Esq.
Attorney for Plaintiff
Disability Rights New York
725 Broadway, Suite 450
Albany, New York 12207

Dated: Guilderland, New York
July 20, 2016

Paul H. Wein, Esq.
Attorney for Defendants
LaFave, Wein & Frament, PLLC
2400 Western Avenue
Guilderland, NY 12084

So Ordered   July 21, 2016

Honorable Judge Glenn T. Suddaby
U.S. District Court Judge

5